IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JEWEL GRIFFIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-018-H-BQ |
| | § | |
| CHAD MEACHAM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Jewel Griffin has filed a Complaint seeking relief in this Court, along with an Application to Proceed *In Forma Pauperis* (IFP). ECF Nos. 1, 2. Under *Special Order No. 3-251*, the case was automatically referred to the undersigned for further proceedings. ECF No. 3. The undersigned now recommends that the United States District Judge deny Griffin's motion to proceed IFP and dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Alternatively, the undersigned recommends that Griffin's claims be dismissed without prejudice for lack of subject matter jurisdiction.

### I.     Procedural History

On January 25, 2023, Griffin filed a Complaint together with an IFP application. ECF Nos. 1, 2. The Complaint names as Defendant Chad Meacham, former United States Attorney for the Northern District of Texas, and alleges that Meacham is guilty of racketeering because Griffin has "report[ed] government and police assisting human traffic[king] and ha[s] been ignored." Compl. 4, ECF No. 1. When prompted to specify what relief she seeks, Griffin answered, "[E]verything due to human trafficking." *Id.* Griffin's request to proceed IFP is similarly vague—Griffin filled in "$0" for each category relating to both income and expenses, thereby representing that she has

no monthly income or expenses but failing to otherwise explain how her basic needs are met. ECF No. 2.

The Court entered an order identifying the following deficiencies in each of Griffin's filings: (1) the Complaint fails to satisfy the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure due to its conclusory and vague assertions; and (2) the IFP application lacks sufficient specificity for the Court to evaluate Griffin's allegation of poverty. ECF No. 5. The Court directed Griffin to file an amended complaint and amended IFP application (or otherwise pay the $402.00 filing fee) on or before February 21 and cautioned that her failure to do so could "result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b)." *Id.* at 3 (emphasis omitted). Griffin failed to comply. The Court then entered a second deficiency order, allowing Griffin an additional twenty-one days to submit the required documents and again warning that her failure to do so would result in a recommendation that her case be dismissed for failure to prosecute. ECF No. 6. In response, Griffin filed an amended complaint (ECF No. 7) and motion for appointment of counsel (ECF No. 8), but otherwise provided no revised IFP application.

Griffin's Amended Complaint again names Chad Meacham and alleges that "[Griffin] contact[ed] his office about organized crime and hes [sic] ignoring it." Am. Compl. 1, ECF No. 7. Beyond this, Griffin attached two pages to the Amended Complaint with the following factual allegations:

> For the last ten years I have been bullied by military acting in posse comitatus, after my child was stolen in a child trafficking. CPS and my family started taking sexual organs from my children and to cover this they made me victim to surrogacy removal as well. Since then they have been on a conspiracy to murder me to cover it up. I am told my child died by my family as a result of this crime. Since I have been in Seminole TX the police has ignored everything I am telling them and chief of police has blocked my sexual assault exam at the Lubbock University Medical. I have had children placed in my home and have been set up with charges.

> Although my children live in another part of Texas my family has been traveling with them and bring them to the men running the trafficking and will not let me have any contact. I have been bullied by military with electronic harrassment in the home threw tv and anything electronic. I have been raped repeatedly and no where to report it because the police is helping. CPS hit me with a false child support order in Dangerfield TX to steal my daughter is how I know they are assisting. They are killing me in Seminole TX, IRS has given them the right to hold two of my returns since Dec 8,2023 I still have not received my money because they have been isolating me to the trafficking. I have documented this letter and report to your office and my number is [redacted] email [redacted]. Please contact me, before your government female and surrogacy kills me and my children [sic all].

Am. Compl. 1–3 (emphasis omitted).

Based on the foregoing, the Court understands Griffin as attempting to bring this action against Chad Meacham because he has failed to act on Griffin's human trafficking allegations. *See id.*

## II. Discussion

### A. Griffin has not complied with Court orders and has not demonstrated that she is entitled to proceed IFP.

The Court "may authorize" a plaintiff to proceed "without prepayment of fees," i.e., *in forma pauperis*, in a civil action. 28 U.S.C. § 1915(a)(1). The decision to permit a plaintiff to proceed IFP "is based solely upon economic criteria." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (per curiam). This economic determination centers on "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* In evaluating an allegation of poverty, the Court may "conduct reasonable investigations" into a plaintiff's financial status. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *see Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (providing that examination of plaintiffs' "financial condition" involves "a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory"). "[A] trial court has wide discretion in denying an application to proceed IFP under

3

28 U.S.C. § 1915." *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute*, 28 U.S.C. § 1915(b)(2), *as recognized in Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir. 1998).

The Court cannot properly evaluate Griffin's financial status because she has not supplied adequate information concerning monthly income and expenses. This case has been pending for nearly three months, and despite the Court issuing two deficiency notices, Griffin has not provided the requisite information.[1] It is a "privilege to proceed at the expense of the government[, i.e., the taxpayers,] and the district court has the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987). The Court will not allow the case to proceed due to Griffin's failure to file a properly supported IFP motion or pay the filing fee. *See, e.g., Newton v. Crosby Cnty. 72nd Dist. Ct.*, No. 5:22-CV-039-H-BQ, 2022 WL 2068518, at *2 (N.D. Tex. May 12, 2022) ("Because [plaintiff] has not filed a properly supported IFP motion or paid the filing fee, this case cannot proceed."), *R. & R. adopted by* 2022 WL 2064979 (N.D. Tex. June 8, 2022); *Jennings v. United States*, No. 5:21-CV-145-H-BQ, 2021 WL 5343487, at *2 (N.D. Tex. Oct. 28, 2021) (recommending dismissal because plaintiff disregarded court orders and failed "to submit an IFP application that explained the circumstances surrounding his ability to meet his basic needs without any income or expenses"), *R. & R. adopted by* 2021 WL 5326561 (N.D. Tex. Nov. 16, 2021); *Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (recommending denial of plaintiff's IFP application and dismissal of the case, where plaintiff "failed to comply with the Court's directive to provide additional financial information," despite being provided multiple opportunities), *R. & R. adopted by* 2019

---

[1] Of note, this is just one of three pending cases Griffin filed concurrently. *See Griffin v. Furlow*, No. 5:23-cv-016-BQ; *Griffin v. Meacham*, No. 5:23-cv-017-H-BQ. In each of the three actions, Griffin submitted an incomplete IFP application and failed to comply with orders requiring amendment.

WL 5068169 (N.D. Tex. Oct. 9, 2019); *Rush v. Miss. Dep't of Rehab. Disability Determination Servs.*, No. 3:19-cv-71-HSO-JCG, 2019 WL 3577704, at *5 (S.D. Miss. May 22, 2019) (finding that plaintiff's "refusal to respond forthrightly and completely to the Court's legitimate inquiry into the details of his financial situation deprives the Court of helpful information to make a proper determination and should foreclose [plaintiff] from proceeding *in forma pauperis*"). The district judge should therefore deny Griffin's motion to proceed IFP and dismiss this action under FED. R. CIV. P. 41(b).

### B. Griffin's allegations are so wholly frivolous that they deprive the Court of subject matter jurisdiction.

Alternatively, the Court finds that Griffin has not pleaded adequate facts demonstrating that the Court possesses subject matter jurisdiction over her claims. Griffin names one Defendant: former United States Attorney for the Northern District of Texas Chad Meacham. Am. Compl. 1. Through Griffin's various allegations, it appears she believes that government officials are trafficking her children and Meacham has assisted in the scheme by "ignoring" her report. *Id.* at 1–3.

Where "a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining that factually frivolous complaints involve allegations which are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible, whether or not there are judicially noticeable facts available to contradict them." (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989))); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (providing that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such

a claim is wholly insubstantial and frivolous"). That is, federal courts lack subject matter jurisdiction over claims which are "insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). In such a case, the "court may *sua sponte* dismiss [the] complaint for lack of subject matter jurisdiction." *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-00948-SDJ-CAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted by* 2021 WL 2224345 (E.D. Tex. June 2, 2021); *see Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (stating that "when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts," and that "[t]he Supreme Court has repeatedly held that the federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit").

Griffin's Amended Complaint is factually frivolous. Griffin's vague, sweeping references to government involvement in a human trafficking scheme and certain government officials' participation in organized crime are "wholly incredible," particularly given the lack of specific factual support. *See, e.g.*, *Isom*, 2021 WL 2232052, at *2 (finding plaintiff's assertion that the government "us[ed] and allow[ed] others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts . . . [constituted] fanciful factual allegations warranting dismissal" for lack of subject matter jurisdiction (internal quotation marks omitted)); *Ahrens v. City of Yorktown*, No. 16–CV–0057–RP–JCM, 2016 WL 10950459, at *3 (W.D. Tex. June 29, 2016) (recommending dismissal for lack of subject matter jurisdiction where plaintiff alleged that various government agencies had "brain raped her, controlled her thoughts and actions, attacked her with directed energy weapons, attempted to murder her by poisoning,

sexually assaulted her with lasers, tracked her via satellite, placed cameras in her home, falsified her health records, and placed her under a secret fraudulent guardianship" (internal quotation marks omitted)), *R. & R. adopted by* 2016 WL 10950436 (W.D. Tex. July 19, 2016); *Ruston v. Dall. Cnty.*, No. 3:07-CV-1076-D, 2008 WL 958076, at *1, *3 (N.D. Tex. Apr. 9, 2008) (dismissing "factually frivolous" racketeering, conspiracy, and constitutional claims against government officials where plaintiff claimed they kidnapped, tortured, and attempted to kill him).

The Court has provided Griffin multiple opportunities to amend, and any additional opportunity would be futile given the Court's lack of subject matter jurisdiction. *See, e.g., Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (per curiam) (noting that "leave to amend is not required when an amendment would be futile" such as when the plaintiff "has asserted claims that are clearly baseless"), *cert. denied*, 142 S. Ct. 216 (2021); *Chavez v. Aslam*, No. 3:21-CV-892-C-BK, 2021 WL 4994445, at *3 (N.D. Tex. Sept. 21, 2021) (noting that "granting leave to amend would be futile and cause needless delay" because plaintiff's claims were "nonsensical and border[ed] on the delusional"), *R. & R. adopted by* 2021 WL 4991512 (N.D. Tex. Oct. 27, 2021); *Hill v. Obama*, No. 5:11cv211, 2011 WL 6969691, at *1 (E.D. Tex. Dec. 21, 2011) ("Although the Court would ordinarily allow a pro se plaintiff to amend his complaint to properly assert jurisdictional allegations, given the fantastic and delusional allegations contained in this case, the Court finds it would be futile to allow Plaintiff to amend."), *R. & R. adopted by* 2012 WL 73106 (E.D. Tex. Jan. 10, 2012); *see also Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (finding that permitting pro se plaintiff "leave to amend would be futile and cause needless delay," where plaintiff's allegations "clearly demonstrate[d] a lack of subject matter jurisdiction"), *R. & R. adopted by* 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020).

Moreover, to the extent Griffin seeks monetary relief, amendment would be futile because Griffin's claim against Meacham is legally frivolous as "it is based on an indisputably meritless legal theory." *Chavarria v. Stacks*, 102 F. App'x 433, 435 (5th Cir. 2004) (citing *Neitzke*, 490 U.S. at 327). Prosecutors generally have absolute immunity for actions taken within the scope of their professional duties. *See Imbler v. Pachtman*, 424 U.S. 409, 424–27 (1976). Such immunity applies where a prosecutor acts "as an officer of the court" (*Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (internal quotation marks omitted)), and "has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). "The decision to file or not file criminal charges is" likewise "protected by prosecutorial immunity." *Id.*; *see Robinson v. United States*, 185 F. App'x 347, 348 (5th Cir. 2006) (per curiam) ("The alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit.").

Griffin's allegations against Meacham involve his role as the United States Attorney for the Northern District of Texas. *See* Am. Compl. 1 ("I contact[ed] his office about organized crime and hes [sic] ignoring it."). Because Griffin attempts to challenge Meacham's actions (or inactions) taken within the scope of his prosecutorial authority, the Amended Complaint is subject to dismissal for this additional reason. *See Workman v. Calogero*, 174 F. App'x 824, 826 (5th Cir. 2006) (per curiam) (affirming dismissal of racketeering and civil rights claims against attorney because "decisions by a prosecutor to file or not file charges are acts protected by absolute immunity"); *Degenstein v. Hall*, No. 3:20-cv-01599-G (BT), 2020 WL 7872521, at *6 (N.D. Tex. Nov. 6, 2020) (concluding that United States Attorney was "entitled to absolute prosecutorial immunity" as to claims that she violated plaintiff's "constitutional rights by failing to bring criminal charges" in accordance with plaintiff's requests), *R. & R. adopted by* 2021 WL 24556

(N.D. Tex. Jan. 4, 2021); *Davis v. Collins*, No. 4:12–CV–092–Y, 2012 WL 685468, at *2 (N.D. Tex. Mar. 1, 2012) (dismissing claims against Assistant United States Attorneys where plaintiff had "not alleged any facts that these persons acted beyond the scope of the prosecutorial role").

### III. Recommendation

Because Griffin has not complied with Court orders and has not demonstrated she is entitled to pauper status, the undersigned recommends that the United States District Judge deny Griffin's motion to proceed IFP and dismiss this action without prejudice under FED. R. CIV. P. 41(b). Alternatively, the undersigned recommends that the United States District Judge dismiss without prejudice Griffin's Amended Complaint and all claims therein for lack of subject matter jurisdiction. Finally, the undersigned recommends that the United States District Judge deny as moot Griffin's pending Motion for the Appointment of Counsel. ECF No. 8.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 20, 2023.

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**